[Civ. No. 6338. First Appellate District, Division Two.—August 30, 1928.]

E. H. KENNARD, etc., Respondent, v. FREDERICK E. KEELER, Appellant.

Ben S. Hunter for Appellant.

John L. Flynn for Respondent.

STROTHER, J., *pro tem.*—This is an appeal from a judgment for money found to be due plaintiff for services rendered to defendant under a written contract of employment for the construction of a grinding plant. The appeal is taken upon the judgment-roll alone, on the ground that the judgment is not supported by the findings.

Plaintiff agreed to "take charge of all construction, supervising the installation of all machinery and other equipment, employ the men, attend to the purchasing of material, equipment and supplies in accord with your wishes, and, in general direct construction of your plan for a fee of 5% of the total cost of the plant; it being understood that the cost will include all labor, material, equipment and supplies used in the plant." The agreement also provided that all bills and wages should be paid by defendant, and payments made on account of plaintiff's fee at the end of each month on total expenditures. The complaint alleges complete performance of plaintiff's agreement, that the total cost was $80,000, that the fee was $4,000, of which $1,000 had been paid, and asks judgment for the balance of $3,000.

The defendant answered that plaintiff did not complete the work contracted for, but abandoned it when only partially completed, and before the installation of the machinery. The answer also set up a counterclaim which it is not necessary to consider here.

The court found that the total cost of the plant was $80,000 and that plaintiff had abandoned it after performing eighty per cent of the work, or $64,000 worth; that a payment of $1,000 on account of the fee had been made by defendant. As a conclusion of law the court found that plaintiff was entitled to recover the sum of

$2,200, and judgment was ordered accordingly and thereupon entered.

The contract, upon its face, was entire. There is nothing in it to indicate that the parties considered any part or parts of its performance as a separate item or items which might be considered apart from the completely equipped structure. "All" of the various classes of work that went to the making of the completed plant were to be taken charge of and supervised by plaintiff, and his compensation was based upon the "total cost" of the plant. Plaintiff declared upon it as an entire and completely executed agreement.

The court in its findings of fact recited merely, "that the contract herein referred to as Exhibit 'A' and the basis of plaintiff's action against these defendants is severable." This is not a finding of fact, but a conclusion of law. The court found no facts from which that conclusion could be drawn, and there is nothing in the pleadings from which it might be assumed that evidence of such facts was before the court.

For the reasons stated the judgment is reversed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 26, 1928, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 29, 1928.

Richards, J., and Shenk, J., dissented.